## WILLIE BURKS v. THE STATE.

No. 6007.   Decided December 8, 1920.

1.—Forgery—Passing Forged Instrument—Name of Payee—Name of Bank—Innuendo—Indictment.

While it was questionable whether the *innuendo* in the indictment as to the signature of the payee was permissible, it is clear that there was no ambiguity about the name or specifications of the bank upon which the alleged order was drawn, and this could not be explained away by *innuendo*, and the motion to quash should have been sustained upon this ground.

2.—Same—Name of Party Injured—Variance.

Where, the indictment alleged that defendant passed the alleged forged instrument to one I. W. Kiersky, and the evidence showed that it was passed to I. W. Kestner, the same was a clear variance and reversible error.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Taylor & Forrester,* for appellant.—On question of variance: Milontree v. State, 30 Texas Crim. App., 151.

On question of name of injured party: Anderson v. State, 20 Texas Crim. App., 595; Overly v. State, 34 Texas Crim. Rep., 500; Johnson v. State, 40 id., 605.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—The indictment contains two counts, one for forgery and the other for passing a forged instrument. Both counts were submitted to the jury and they convicted under the second count, for passing the instrument.

It is contended the evidence does not show that appellant passed but only attempted to pass the instrument. Without discussing that question we pass to another question. The instrument declared on is as follows.

"Waco, Texas, April 8, 1920    No._____
The First National Bank    88-106
    of Corsicana
Pay to Willie Burks or bearer\_\_\_\_$9.20
Nine dollars twenty cts.        Dollars.
                        on T. B. Cox."

This instrument shows to have been dated at Waco on the 8th of April, 1920, and was drawn on The First National Bank of Corsicana, in favor of Willie Burks or bearer $9.20, signed "On T. B. Cox." The contention is made and with some degree of force that "On T. B. Cox" is not and should not be held to be the signature of T. B. Cox, but a request to pay Willie Burks this amount to be charged against T. B. Cox. If this contention be not correct, the instrument was directed to The First National Bank of Corsicana and not to the First National Bank of Waco. There is no ambiguity about the specifications of the bank. It is directed to The First National Bank of Corsicana. The explanatory or *innuendo* averments that it was intended for The First National Bank of Waco cannot change the obligation from one bank to the other. The instrument on its face shows it was drawn on The First National Bank of Corsicana and not on a bank at Waco, two entirely different banks, and if it could be a binding obligation it was intended to operate against the Corsicana bank and not the Waco bank. To sustain the indictment would be changing the entire face of the instrument or contract of the responsibility. For this reason the judgment must be reversed. The motion to quash should have been sustained. The check was not drawn upon the Waco bank but upon the Corsicana bank.

There is another matter with reference to the question of variance. The indictment alleges that appellant passed the instrument to one I. W. Kiersky. The evidence shows that it was passed to I. W. Kestner. This is a clear variance between the allegation and the evidence introduced.

The judgment will be reversed and the cause remanded.

                                *Reversed and remanded.*